UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORID
PENSACOLA DIVISION

FREDERICK J. SCHMIDT,
Okaloosa County Inmate #00024957,
    Plaintiff,

vs.                                            Case No.: 3:22cv1452/LAC/EMT

O.C.D.O.C., et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Frederick J. Schmidt (Schmidt), proceeding pro se, was a detainee of the Okaloosa County Department of Corrections (OCDOC) when he commenced this civil rights case on **February 3, 2022** (*see* ECF No. 1). Schmidt subsequently filed a motion to proceed in forma pauperis (ECF No. 4).

Upon review of Schmidt's complaint and litigation history, the undersigned concludes Schmidt is prohibited from proceeding IFP, pursuant to 28 U.S.C. § 1915(g), and thus was required to pay the filing fee at the time he commenced this case. Therefore, the court recommends this case be dismissed without prejudice for Schmidt's failure to pay the filing fee at the time he brought this lawsuit.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.   THE "THREE-STRIKES" PROVISION OF 28 U.S.C. § 1915(g)

Section 1915(g) prohibits a prisoner from proceeding IFP if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is "under imminent danger of serious physical injury." *Id.*

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). As previously discussed, the only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

II.   DISCUSSION

The undersigned reviewed Schmidt's litigation history and determined he previously filed the following three actions that were dismissed as abusive/malicious:[2]

- Case No. 3:20cv5594/MCR/HTC, dismissed for abuse of the judicial process and pursuant to § 1915(g) on August 28, 2020;

- Case No. 3:20cv5605/MCR/EMT, dismissed as malicious pursuant to § 1915A(b)(1) on April 21, 2021; and

- Case No. 3:20cv5806/MCR/EMT, dismissed as malicious pursuant to § 1915A(b)(1) on November 9, 2020.

Because Schmidt had three strikes when he commenced this case, he was precluded from initiating this lawsuit without contemporaneously paying the filing fee. As noted *supra*, the only exception to this rule is if the allegations of the complaint demonstrate Schmidt is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Schmidt's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 523 (2015); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is

---

[2] Schmidt's OCDOC inmate number in the instant case is the same as Plaintiff Frederick Schmidt's OCDOC inmate number in the three identified cases.

Case No.: 3:22cv1452/LAC/EMT

construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). "Imminent danger" is assessed not at the time of the alleged incident, but at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citations omitted); *see also Brown*, 387 F.3d at 1349 (noting the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger").

Schmidt's complaint concerns an event that occurred during the first week of **October 2021** when Schmidt was detained at the OCDOC (ECF No. 1 at 7–7a).[3] Schmidt alleges on that October day, Defendant Officer Roller beat him with handcuffs, fists, and boots (*id.* at 7). Schmidt alleges another correctional officer and a sergeant stopped Roller's use of force (*id.*). Schmidt alleges Defendant Dr. Delgato, an employee of Defendant Corizon Health, failed to provide adequate medical treatment for injuries sustained as a result of Officer Roller's use of force, including a dislocated shoulder, cracked ribs, bruised kidneys, black eyes, bruising to his chest and face, "holes" in his forehead, and "chunks knocked out" of his ears

---

[3] Pages 7 and 7a are docketed out of order.

Case No.: 3:22cv1452/LAC/EMT

(*id.* at 7–7a).  Schmidt alleges he was released from the OCDOC ten days later and went a local hospital for treatment (*id.* at 7a).  Schmidt names the OCDOC and its Director, Eric Esmond, as Defendants but does not include any factual allegations against either of them.  Schmidt seeks $1,000,000.00 for mental and physical injuries he suffered as a result of Officer Roller's beating and Dr. Delgato's denial of medical treatment (*id.* at 7a, 8).  Schmidt also seeks a change of venue for his pending criminal charges and the filing of felony criminal charges against Defendant Roller and "malpractice charges" against Dr. Delgato and Corizon Health (*id.* at 8).

Two weeks after Schmidt filed the complaint in this case, he notified the court he was released from the OCDOC on bond (*see* ECF No. 4 at 1).

Schmidt's allegations concern events that occurred four months prior to his filing this lawsuit.  None of the allegations of the complaint may properly be construed as alleging he was facing present imminent danger of serious physical injury when he filed the complaint or that he was in jeopardy of any ongoing danger.  Schmidt's allegations of past harm are insufficient to satisfy the imminent danger exception.  *See Medberry*, 185 F.3d at 1193; *see also Brown*, 387 F.3d at 1349.  Therefore, he may not proceed in forma pauperis.

On a final note, the court need not provide Schmidt an opportunity to amend his complaint prior to dismissing it.  As previously noted, Schmidt was released

from the OCDOC on bond after the events alleged in his complaint occurred but before initiating this action. Therefore, allowing him to amend his complaint would be futile because he could not allege he was in imminent danger of serious physical injury from Defendants while out on bond. *See Medberry*, 185 F.3d at 1183 (holding that district court did not err by failing to give plaintiff the opportunity to amend his complaint prior to dismissing it pursuant to § 1915(g); shortly after the complaint was filed, the plaintiff was transferred to another facility) (citation omitted).

III. CONCLUSION

Schmidt is a "three-striker" and has not make a colorable showing he was under imminent danger of serious physical injury when he commenced this civil rights case; therefore, he is barred from proceeding IFP and was required to pay the filing fee at the time he commenced this case. Schmidt did not pay the filing fee. Accordingly, this case should be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236.

Accordingly, it is respectfully **RECOMMENDED**:

1. This action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he initiated this action.

Case No.: 3:22cv1452/LAC/EMT

2. All pending motions be **DENIED as moot**.

3. The clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 1st day of March 2022.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**